517 P.2d 1325

**SKI PARK CITY WEST, INC., a corporation, Plaintiff and Respondent,**

v.

**MAJOR–BLAKENEY CORPORATION, a corporation, et al., Defendants and Appellants.**

**No. 13301.**

Supreme Court of Utah.

Jan. 11, 1974.

---

Gary A. Frank, of Richards & Richards, Salt Lake City, for defendants and appellants.

Arthur H. Nielsen, and David S. Cook, of Nielsen, Conder, Hansen & Henriod, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The parties to this action, or their predecessors in interest, entered into a contract to establish, operate, and maintain a commercial enterprise and ski resort in Summit County, Utah, and to acquire by purchase and lease lands for those purposes. The contract provided that the plaintiff was to pay for the lands purchased and to construct ski lifts and buildings necessary and suitable for such project; to operate the resort as a business enterprise; and to pay certain royalties, rents, and compensation to the defendants for their services. The defendants were to furnish leases of the land, supervision of the construction of improvements on the land and the operation of the project including engineering, knowledge and advice, and to build and maintain streets, roads, and other structures incidental to the project. The land purchased was to be paid for by the plaintiff and divided equally between the plaintiff and the defendants.

The master plan was developed for the resort, and the plaintiff commenced construction of the buildings, ski lifts, and the parking lot in accordance with the plan. The locations of these structures were with the knowledge and acquiescence of the defendants. Prior to construction the parties had acquired by purchase a 40-acre tract of land and also a 20-acre tract of land. Facilities were constructed without regard to any actual or proposed division of the land by the parties.

By a deed dated October 6, 1967, a division of the 40-acre tract of land was made. The division of the 20-acre tract was accomplished by a deed dated October 3, 1969. In the fall of 1970, defendants made demand upon the plaintiff that a maintenance building, the chair lift and the portion of the parking lot which were on the defendants' land be removed or that rentals be paid to the defendants.

The plaintiff instituted these proceedings to enjoin the defendants from occupying certain real property and from interfering with the parking lot, maintenance building and chair lift which had been constructed on the property which fell to the defendants after the division had been made. The case was tried to the court without a jury and thereafter it entered a judgment which permanently enjoined and restrained the defendants from interfering with the

plaintiff's possession, use, occupancy and enjoyment of the facilities which were located on the defendants' property. Plaintiff was ordered to vacate that portion of the parking lot situated on the land divided to the defendant Park City Utah Corporation at such time as the defendants pay one half of the cost of constructing a parking lot of similar size on land owned by the plaintiff. The court also found that the defendants were entitled to rent for plaintiff's use of the parking lot which was on lands of the defendants. The court also found that the plaintiff was entitled to an easement to occupy and use that portion of the two tracts of land divided to the defendants on which the plaintiff's maintenance building, beginner's chair lift, and beginner's ski area and runs were located, including the right of egress and ingress and such reasonable use of the surrounding area as may be necessary for the proper utilization, servicing, repair and maintenance of the same without payment of rent.

Defendants are here seeking a reversal of the judgment entered in the court below claiming that the judgment is not supported by the findings and that it is inconsistent with the findings. A transcript of the evidence was not included in the record before this court, and we are obliged to limit our review of the matter to a determination of whether the judgment is consistent with the court's findings.

After a careful review of the judgment and the findings of the court below, we conclude that the findings are consistent with the judgment except as it pertains to the easements granted to the plaintiff by the judgment. The judgment states in effect that the plaintiff is entitled to an easement for certain uses and purposes on all of the lands of the defendants after the division was made. The easement granted is so broad as to effectively deprive the defendants of the use and enjoyment of their property without compensation. We conclude that the case must be remanded to the district court below for the purpose of specifying with particularity the nature of the easement granted, whether the easements are of a temporary or permanent nature; the boundaries of the easements by metes and bounds or some other specified or agreed upon markings. The use to which the easements may be put by the plaintiff should be specified and the persons who are entitled to use the same. In this connection it would not seem proper, on the record before us, for the court to grant an easement which would permit the public generally to use the lands of the defendants.

This case is remanded for further proceedings in accordance with this opinion. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.